**INITIAL APPEARANCE MINUTES:**

Time set: __3:30 p.m.__  Date: __May 22, 2017__
Start Time: __3:40 pm__  Presiding Judge: __Robert J. Krask__
End Time: __3:49 pm__  Courtroom Deputy: __Angie Forehand__
  Reporter: __FTR__
Split Time ( )  U.S. Attorney: __Beth Yusi__
  Defense Counsel: __Jeff Swartz__
  ( ) Retained ( ) Court appointed ( ) AFPD
  Interpreter: _____

Case Number: 2:17cr85
USA v. EDWARD ALLEN McNAMES


( ✓ ) Deft. Present ( ✓ ) custody ( ) not in custody
( ✓ ) Initial Appearance ( ✓ ) Indictment ( ) Probation Violation Petition ( ) Supervised Release Petition
    ( ) Criminal Information ( ) Rule 5 arrest ( ) Rule 32 arrest ( ) Criminal Complaint
( ✓ ) Deft. advised of rights, charges and right to counsel
( ) Counsel desired ( ✓ ) Defendant to retain: __Jeff Swartz (present)__
( ) Defendant's motion to substitute counsel
( ) Order to substitute counsel executed and filed in open court
( ) Financial Affidavit filed in open Court
( ) Court ( ) Directed ( ) Denied appointment of counsel
( ) Court directed defendant to reimburse govt. at rate of $_____ per month. Payments to begin and continue each month thereafter until paid in full.
( ) Defendant waived ( ) Removal ( ) Preliminary hearing (In this District only)
( ) Defendant executed Waiver of Removal Hearing ( ) Waiver of Identity Hearing (In this District only)
( ) Waiver of Detention Hearing (In this District only)
( ) Commitment to Another District entered and filed in open court
( ) ( ) Preliminary ( ) Removal Hearing set for _____ at _____ before _____ U.S. Magistrate Judge in _____.
( ) Preliminary Hearing ( ) Held ( ) Waived. ( ) Defendant stipulated to probable cause
( ) Court finds probable cause ( ) Defendant held for Grand Jury ( ) Defendant remanded to custody of U.S. Marshal for removal to charging district
( ) Government motion for Detention
( ) Government motion to withdraw motion for detention and set bond ( ) Granted ( ) Denied
( ) Detention Hearing scheduled for _____ at _____ before _____.
( ) Detention Hearing ( ) Held ( ) Waived in _____.
( ) Temporary Detention Order entered and filed ( ) Detention Ordered Pending Trial
( ✓ ) Bond set at $ __5,000 unsecured__
( ✓ ) Special Conditions of Release: (See Page 2)
( ✓ ) Deft. remanded to custody of U. S. Marshal __until terms of bond are in place__
( ✓ ) Warrant returned executed and filed in open court
( ) Defendant is directed to appear on __5/31/17__ at __2:30 pm__ for
    ( ✓ ) Arraignment ( ) SRVH ( ) PVH ( ) Bench
    Trial
    ( ✓ ) Norfolk ( ) Newport News   __LRL / Mag Two__
( ) _____
( ) _____

## STANDARD CONDITIONS OF RELEASE

1) Deft's. travel is restricted to the State of Virginia.
2) Deft is directed to refrain from excessive use of alcohol.
3) Deft. is directed to refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. 802 unless prescribed by a licensed medical practitioner.
4) Deft. is directed to surrender any passport to the Probation Office.
5) Deft. is prohibited from obtaining any passport
6) Defendant shall report as soon as possible, to the probation officer or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
7) Defendant is **prohibited** from possessing a firearm, destructive device, or other dangerous weapon.
8) Defendant shall submit to method of testing required by the probation officer or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and or any form of prohibited substance screening or testing.
9) Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the probation officer or supervising officer.
10) Report to the U.S. Probation Office.

## SPECIAL CONDITIONS OF RELEASE

1. U.S. Probation supervision.

2. Notify current and any future employers of current charges and provide contact information for the individual(s) responsible for internet monitoring at place of employment.

3. Undergo a mental health and sex offender evaluation and participate in any recommended treatment, with partial costs to be paid by the defendant, as directed by U.S. Probation.

4. Maintain residence and not change without prior permission of U.S. Probation Officer,.

5. The defendant shall be placed on electronic monitoring ( x ) with ( ) without GPS and ( x ) with ( ) without time outs as approved by U.S. Probation and pay related costs.

6. No use, possession or access to a computer and not to use any computer or device to access any internet service, bulletin board or chat room.

7. No contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: any child under the age of 18, unless in the company of an informed adult approved by U.S. Probation

8. No travel outside the Eastern District of Virginia without prior approval of the Court or U.S. Probation

9. Refrain from possession a firearm, dangerous weapon or other destructive devices.

10. Submit to a daily curfew as directed by U.S. Probation.

11. Defendant is detained until such time as the electronic monitoring equipment is installed and all computers, internet capable devices are removed from the residence and verification is received that internet access to the residence has been discontinued.

12. Surrender pilot's license immediately to USPO . _____

13. _____

14. _____

15.. _____