

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                              Criminal No. 2:17cr85

EDWARD ALLEN McNAMES,

        Defendant.

## ORDER

The Court has been advised that the defendant wishes to enter a plea of guilty. A United States Magistrate Judge is hereby authorized, with the consent of the defendant, to conduct the proceedings required by Federal Rule of Criminal Procedure 11 incident to the making of the plea. See United States v. Benton, 523 F.3d 424, 431-33 (4th Cir. 2008); 28 U.S.C. § 636(b)(3); see United States v. Dees, 125 F.3d 261 (5th Cir. 1997). The defendant may consent to the United States Magistrate Judge conducting the proceedings on a form provided by the Clerk.

If, after conducting such proceedings, the Magistrate Judge accepts the plea of guilty, a presentence investigation shall be conducted and a report shall be prepared pursuant to Federal Rule of Criminal Procedure 32. On or before the scheduled sentencing date, the District Judge will review the Presentence

Investigation Report, determine whether to accept or reject the plea agreement (if any), and determine whether to adjudicate guilt. If guilt is adjudicated by the District Judge, such Judge will conduct a sentencing hearing and will determine and impose sentence.

Pursuant to this referral order, and as will be reviewed by the Magistrate Judge with the defendant as part of the Rule 11 plea hearing, the Magistrate Judge's acceptance of the plea of guilty constitutes an "acceptance" of the plea under Rule 11(d) of the Federal Rules of Criminal Procedure. Benton, 523 F.3d at 433; see id. at 426 (explaining that when the defendant in Benton appeared before the Magistrate Judge for his plea colloquy he "again affirmatively consented to a magistrate judge performing his plea hearing and accepting a guilty plea that cannot later be withdrawn") (emphasis added)). Accordingly, such an accepted plea may not be withdrawn unless the District Judge rejects any relevant plea agreement or the defendant otherwise demonstrates a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2); see United States v. Battle, 499 F.3d 315, 321 (4th Cir. 2007).

This Court's express retention of the authority to adjudicate guilt is mandated by law, as the Federal Magistrates Act ("the Act") does not expressly or implicitly grant Magistrate Judges the authority to adjudicate guilt as to a

2

felony offense. See 28 U.S.C. § 636; Gomez v. United States, 490 U.S. 858, 872 (1989). In Gomez, the United States Supreme Court explained that the Act's "carefully defined grant of authority" implicitly withheld extending the power to preside over criminal felony trials, further noting that the Act's legislative history confirms that a Magistrate Judge's "adjudicatory jurisdiction" is circumscribed. Id. While a Magistrate Judge in this Circuit is authorized to "accept" a felony guilty plea, the undersigned Judge interprets the applicable authorities as providing that adjudication of guilt may only be made by a District Judge, or by a jury in a trial presided over by a District Judge, in that such duty is not "'comparable in responsibility and importance' to 'specified duties assigned to magistrate[]' [judges] elsewhere in the Magistrates Act." Benton, 523 F.3d at 430 (quoting Peretz v. United States, 501 U.S. 923, 933 (1991)).

Even if this Court interpreted the Act as authorizing this Court, with the consent of the defendant, to delegate to the Magistrate Judge the authority to adjudicate guilt on a felony charge, the instant referral Order does not invoke such hypothetical authority. See Peretz, 501 U.S. at 932 (explaining that "Congress intended to give federal judges significant leeway" when determining which "additional duties" to delegate to a Magistrate Judge) (emphasis added); Benton, 523 F.3d at 430

3

(noting that Magistrate Judges are granted power to act under the "additional duties" clause only "when directed to do so by district judges").[1]  Rather, irrespective of the contours of the outer bounds of a Magistrate Judge's authority, in this case, the adjudication of guilt remains a matter taken under advisement by <u>this Court</u> until the undersigned Judge considers the plea agreement (if any) and the Presentence Investigation Report.  See <u>Battle</u>, 499 F.3d at 320 (expressly recognizing a court's authority to "accept[] the guilty plea even though it defer[s] acceptance of the plea agreement <u>and the adjudication of guilt</u>") (emphasis added).[2]

The Clerk is **DIRECTED** to mail or deliver a copy of this Order to counsel of record for the United States and for the defendant.

---

[1] The Court further notes that the standard "consent" form used in the Norfolk and Newport News divisions of this Court expressly indicates that <u>the District Judge</u> will adjudicate guilt.  Accordingly, absent any statements made by the defendant at the plea hearing enlarging the breadth of his or her consent, a defendant utilizing such standard consent form does not consent to the Magistrate Judge adjudicating guilt.  Cf. <u>Peretz</u>, 501 U.S. at 933 (explaining that a Magistrate Judge may permissibly conduct the voir dire portion of a felony trial <u>only if</u> the defendant consents to such procedure).

[2] In cases where a defendant is on bond at the time of the plea hearing, the Magistrate Judge plainly has authority to revoke such bond based on the discretionary finding that the defendant is in a materially different posture at the conclusion of the plea hearing in light of his or her sworn admission of guilt.  18 U.S.C. § 3142.  However, because this Court does not delegate the authority to make a finding of guilt, the mandatory detention provision set forth in § 3143(a)(2) is not triggered by the Magistrate Judge's acceptance of a defendant's guilty plea as such defendant has not been "found guilty."

4

It is so **ORDERED**.

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 9, 2018